Reese, J.
delivered the opinion of the court.
The rights of the complainants to maintain this bill, under the circumstances which have occurred, depends upon such a construction being given to the will of their grandfather,. Thomas Royster, as shall establish, 1. That the bequests of the will did not, upon the death of the testator, vest a' *307 personal interest in the children of the testator to the property mentioned in the third clause of the will, hut that the same was contingent upon the arrival of the younger children to the age of eighteen years, or upon their marriage. And 2. In the event which has happened, of the death of one of them, the mother of the complainants, before the arrival of that period, that the complainants, upon the arrival of the period referred to, are entitled to claim a division of the property, under and by virtue of the will, as being substituted to their deceased parent, by force of the term “heirs,” in the direction which is given, that an equal division should take place among all the children, and their “heirs.”
1. Was the interest vested or contingent? This, of course, depends upon the intention of the testator, to be collected from the entire instrument. Whatever rules of construction courts of justice may have adopted in questions of this sort, .are to be considered as guides in exploring doubtful intention. There is no rule of property, no principle of public policy, to exert a controlling influence. If the purpose of the testator was, to annex time to the gift, so as to make it essential to the gift, then the interest is contingent. But if his purpose was merely to postpone the division and distribution of his property to the time indicated, intending it, at all events, to belong to his children, then the interest was vested.
That the latter was the intention of the testator, we think manifest from several considerations. And first, the whole estate, real and personal, was to be enjoyed by all his children, as a class. They were the exclusive objects of his bounty, and equally the objects of his bounty. Not a cent is given to any other person; nor is there any limitation over in favor of children or other person. The entire corpus of his estate, and all the intermediate profits were to belong to, and to be enjoyed by his children and his wife, the interest with the latter, determining with her life. Perhaps no case -can be found, marked by this equal and exclusive bounty to children, and where the bequest embraces the whole estate, in which it has been insisted, that the gift itself was contingent, merely upon the ground that the formal words of dona *308 tion were connected with those which indicated the time of enjoyment.
The cases upon this subject, which constitute a somewhat vexed branch of legal learning, have been mostly those where legacies, bearing no large proportion to the corpus of the estate, have been given to persons other than the heir at law, or those entitled to the residue under the will. There are some general principles stated, and well stated, by an able judge, in the recent case of Vanhook vs. Vanhook, 1 Dev. and Bat. 589, which strengthens the view of the case which we are now taking. “The law,” he says, “leans in favor of the vesting of legacies, because the convenience of the legatees, and the interests of society are opposed to the tying up of property, and keeping it out of the commerce of life. It favors the vesting of legacies, more especially when given to children, or those standing in a like relation to tht; testator, because it presumes that testators naturally desire that the families of legatees, who die before the time for actual receipt of the legacy, shall succeed to the provision made for their parents. And it also favors the vesting of legacies, because, it will not intend that the testator meant to die partially intestate.”
2. We think the interest in this case a vested one, because there is no doubt that the land, directed by the first clause of the will to be purchased by the proceeds of the Virginia land, the cash on hand, and the outstanding debts, was, by the very terms of the devise, vested in all the children. What reason could exist why the testator should direct a sale of his land, and that the proceeds, cash on hand, and debts, should be vested in other lands, and should be absolutely and at once given to his children, while their interest in his negroes and other property was to be contingent? And besides, it appears from other parts of the will, that the power and control of the executors, and testamentary guardians over this real estate, directed to be purchased, were to be co-extensive with that over the balance of the property, and the division, which they are directed to make among the children and their heirs, embraces as well that real estate, as the pest of the property.
*309 3. Again, those clauses of the will which appropriate the profits of the estate to the education of the children, and the support of the family; which direct the surplus of these pro? fits to accumulate for the benefit of the estate, and of those to whom it is ultimately to be paid over, and which empower the executors to place a portion of the corpus, or principal of the estate, in the hands of certain of the children upon loan, subject to be brought into contribution or collection, in the ultimate division of the real and personal property, involve in their effect and operation, and are evidence of a present gift of the body of the estate to the children of the testator.
It is well settled with regard to pecuniary legacies, that however in point of terms and form, the gift itself, and the time of payment may be annexed; still, if interest upon the legacy is, in the mean time, given to the legatee, the legacy itself is vested. In this case, all the children and heirs at law of the testator constitute, as it were, one legatee; and the entire profits of the estate are to be enjoyed, or to accumulate for the benefit of this legatee. The legacy itself, therefore, by the authorities applicable to these circumstances, will be held to vest.
4. Again, The case of Booth vs. Booth, 4 Ves. 404, establishes, that where a bequest is of a residue, and the words are such as, in case of a legacy merely, would have made the legacy contingent, the bequest of the residue shall not be so held; and upon this distinction, that it is difficult to suppose that the testator meant to die intestate as to the residue. The distinction adopted by this authority applies with more force to the facts of the case before us, than to those of the case in which it was taken.
2. But if the legacies in the present case, were contingent, still the complainants, in the event which has happened, could not maintain their suit. The word “heirs” is used three several times in the will, and in each instance, as a term of limitation. There is, clearly, nothing in the will to control the obvious and legal meaning of the term, so as to embrace grand children, and substitute them as purchasers under the will. It is unnecessary, however, to dwell upon this point, *310 or to sustain the opinion announced, by a reference to authorities, numerous though they be, upon this head of juridical discussion; for however clear the point may be, and we certainly deem it so, it is rendered unnecessary to a decision of the case, by the view taken of the first question.
The decree, therefore, will be reversed and the bills be dismissed, but without costs.